**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **BRIDGET WRIGHT, LAQUITA SMITH, individually and as Co-Administrators of the ESTATE OF ROBERT L. AVERY, SR., (deceased),** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **EMORY HEATHCARE, INC., THE EMORY CLINIC, INC., EMORY UNIVERSITY, INC., JOHN VEGA, M.D., JASON MUESSE, M.D., BARRY ANDERSON, P.A., KENNETH ODIMGBE, RRT, CHOREEN POWELL, RN, MANJU CIBI, RN, JOHN DOE PHYSICIANS 1-3, JANE DOE NURSES 1-3, JANET DOE HEALTHCARE PROVIDERS 1-3; XYZ CORPORATIONS 1-3,** <br><br> **Defendants.** | ) | **CIVIL ACTION FILE NO.:** 18A68769 |

## COMPLAINT

COMES NOW, Plaintiffs BRIDGET WRIGHT, LAQUITA SMITH, individually and as Co-Administrators of the ESTATE OF ROBERT L. AVERY, SR., (deceased), files this Complaint for Malpractice against Defendants and shows this Honorable Court the following:

## I. VENUE AND JURISDICTION

1.

Plaintiffs Bridget Wright and Laquita Smith are the surviving children, and co-administrators of the Estate of Robert L. Avery, Sr., deceased. They are authorized to bring this wrongful death action and personal injury claims. The Plaintiffs are residents of Georgia.

STATE COURT OF
DEKALB COUNTY, GA.
4/4/2018 1:38 PM
E-FILED
BY: Monica Gay

2.

Defendant Emory Healthcare, Inc. is licensed to do business in the state of Georgia. It may be served through its registered agent, Jane Jordan, 201 Dowman Drive, 102 Administration Bldg., Atlanta, GA 30322. Defendant Emory Healthcare is subject to the jurisdiction and venue of this court. Defendant Emory Healthcare is subject to the jurisdiction and venue of this court.

3.

Defendant The Emory Clinic, Inc. is licensed to do business in the state of Georgia. It may be served through its registered agent, Jane Jordan, 1365 Clifton Rd. NE, Atlanta, GA, 30322. Defendant The Emory Clinic is subject to the jurisdiction and venue of this court.

4.

Defendant Emory University, Inc. is licensed to do business in the state of Georgia. It may be served through its registered agent Melinda Simon, 201 Dowman Drive, 102 Administration Bldg., Atlanta, GA 30322. Defendant Emory is subject to the jurisdiction and venue of this court. Defendant Emory University is subject to the jurisdiction and venue of this court.

5.

Corporations X-Z are unknown corporations registered to do business in Georgia who employed healthcare providers that provided care and treatment to Mr. Avery on April 5, 2016. All the above corporations listed in paragraphs 1-10, as well as corporations XYZ, will be collectively referred to as "Defendant Emory."

6.

Defendant John Vega, M.D. (hereinafter referred to as "Vega") is a physician licensed to practice medicine in the State of Georgia. He may be served at his resident address, 2354 Massey

Lane, Decatur, GA 30033-1221. Defendant Vega is subject to the jurisdiction and venue of this Court.

7.

Defendant Jason Muesse, M.D. (hereinafter referred to as "Muesse") is a physician licensed to practice medicine in the State of Georgia. He may be served at his resident address, 31 Woodstream Cove, Little Rock, AR 72211-4479. Defendant Muesse is subject to the jurisdiction and venue of this Court.

8.

Defendant Kenneth Odimgbe, RRT (hereinafter referred to as "Odimgbe") is a physician assistant licensed to practice in the State of Georgia. He may be served at his resident address, 95 Tregoney Drive, Decatur, GA 30034-1185. Defendant Odimgbe is subject to the jurisdiction and venue of this Court.

9.

Defendant Choreen Powell, R.N. (hereinafter referred to as "Powell") is a registered Nurse licensed to practice in the State of Georgia. She may be served at her last known resident address, 7401 Gossamer Street 366, Union City, GA 30291-6100. Defendant Powell is subject to the jurisdiction and venue of this Court.

10.

Defendant Manju Cibi, R.N. (hereinafter referred to as "Cibi") is a registered Nurse licensed to practice in the State of Georgia. She may be served at her resident address, 295 Middleton Place, Grayson, GA 30017-4122. Defendant Cibi is subject to the jurisdiction and venue of this Court.

11.

John Doe Physicians 1-3, Jane Doe Nurses 1-3, and Janet Doe Healthcare providers 1-3, respectively, are unknown physicians, nurses, and healthcare providers who provided care and treatment to Robert Avery, Sr. These defendants are subject to the jurisdiction and venue of this court.

12.

Defendant Barry Anderson, P.A. (hereinafter referred to as "Anderson") is a licensed Physician's Assistant licensed to practice medicine in the State of Georgia. He may be served at his resident address, 1293 Oxford Road NE, Atlanta, GA 30306-2426. Defendant Anderson is subject to the jurisdiction and venue of this Court.

13.

At all times during their care and treatment of Robert Avery, Sr., Defendants Vega, Muesse, Anderson, Odimgbe, Cibi, Powell, and John Doe Physicians 1-3, Jane Doe Nurses 1-3, and Janet Doe Healthcare providers 1-3 were employees, agents, or ostensible agents of Defendants Emory. Accordingly, Defendants Emory are responsible for the actions of its employees under the theories of agency and/or *respondeat superior*.

## II. FACTS

14.

The plaintiff specifically reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 13 above.

15.

On April 4, 2016, Robert Avery, Sr. presented to Defendants Vega, Muesse, and Anderson and underwent a CABG. Mr. Avery's surgery was uneventful, and he tolerated the procedure well.

16.

At 0200, Mr. Avery's dexmedetomidine was turned off. There is no record in the chart of any dipriven administered after the dexmedetomidine was discontinued. Mr. Avery self-extubated. He was not re-intubated.

17.

At or around 0000 on April 5, 2016. Mr. Avery developed tachycardia and tachypnea. At 0200 he developed atrial fibrillation in addition to an elevated heart rate and respiration rate. At or around 0230 a code was called. At 0300 and 0400, Mr. Avery was pronounced dead.

## III. COUNT I: MEDICAL MALPRACTICE

18.

The plaintiff specifically reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 17 above.

19.

Defendant Emory, Defendants Vega, Muesse, Anderson, John Doe Physicians 1-3, and Janet Doe Healthcare providers 1-3, owed a duty to provide that degree of care provided by physicians or physician's assistants generally under the same or similar circumstances as those presented to them by Robert Avery, Sr. These defendants violated that standard when they failed to timely reintubate Mr. Avery.

## IV. COUNT II: NURSING MALPRACTICE

20.

Defendants Odimgbe, Cibi, Powell, and Janet Doe Nurses 1-3, owed a duty to provide that degree of care and skill provided by respiratory therapists and nurses generally under the same or similar circumstances as those presented to them by Robert Avery, Sr. These defendants violated that standard when they failed to provide adequate respiratory and nursing care to timely reintubate Mr. Avery.

21.

Plaintiff is filing this case within 10 days of the expiration of the statute of limitations, and the law firm for the Plaintiff was not hired more than 90 days before the expiration of the statute. (See Affidavit of Jane Lamberti, Esq. [Attached hereto as Exhibit "1"].) Therefore, the plaintiff shall have 45 days to amend the complaint and provide appropriate affidavits required by O.C.G.A. § 9-11-9.1.

## V. DAMAGES

22.

Plaintiff specifically reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above.

23.

All these defendants are joint tortfeasors and are jointly and severally responsible for the wrongful death and injuries to Mr. Avery.

24.

As the direct and proximate cause of the joint and several negligence all of the above-named defendants, Robert Avery, Sr. suffered physical pain, suffering, and emotional distress and

lost the full value of his life. Also, the estate of Robert Avery, Sr. incurred funeral and burial expenses.

25.

**WHEREFORE**, the Plaintiff prays for the following:

1) That Plaintiffs have issuance of process provided by law;

2) That Plaintiffs have a trial by jury;

3) That Plaintiffs have judgment entered in their favor against each of the defendants, jointly and severally, in an amount in excess of $10,000 for the wrongful death of Robert Avery, Sr. and for his pain, suffering, funeral and burial expenses;

4) That all costs of this action be taxed against the Defendants, jointly and severally, including attorney's fees; and

5) That Plaintiffs have such further relief as is just and proper.

This _4th_ day of April 2018.

Respectfully submitted,

/s/ Jane Mary Lamberti
Jane Mary Lamberti, Esq.
State Bar No. 432025
Shean D. Williams, Esq.
State Bar No. 764139
Gary B. Andrews, Esq.
State Bar No. 019299
*Attorneys for the Plaintiffs*

THE COCHRAN FIRM ATLANTA
100 Peachtree Street NW, Suite 2600
Atlanta, GA 30303
(404) 222-9922 (tel)
(404) 222-0170 (fax)
JLamberti@cochranfirmatl.com
GAndrews@cochranfirmatl.com

STATE COURT OF
DEKALB COUNTY, GA.
4/4/2018 1:38 PM
E-FILED
BY: Monica Gay

**STATE OF GEORGIA**

**FULTON COUNTY**

**AFFIDAVIT OF JANE MARY LAMBERTI, ESQ.**

Personally appeared before the undersigned authority, authorized to administer oaths, Jane M. Lamberti, Esq., who after being duly sworn, states as follows:

1.

My name is Jane M. Lamberti. I am over the age of 18 and competent to execute this affidavit.

2.

I am an attorney licensed to practice law in the State of Georgia and I am a Partner in the law firm of The Cochran Firm-Atlanta.

3.

I represent the Plaintiffs Bridget Wright, and Laquita Smith in their lawsuit against Defendants Emory Healthcare, Inc. et al. regarding failure to provide appropriate medical care after Mr. Avery's CABG on April 4, 2016.

4.

Based on Georgia's two-year statute of limitations for personal injuries and wrongful death, I have good faith basis that Plaintiffs' statute of limitation for their claim or claims will expire on April 5, 2018, within 10 days of filing this lawsuit.

EXHIBIT 1

STATE COURT OF
DEKALB COUNTY, GA.
4/4/2018 1:38 PM
E-FILED
BY: Monica Gay

5.

Plaintiffs did not retain my law firm to represent them in this action more than ninety (90) days prior to the expiration of the period of limitation on their claims.

6.

Due to time constraints, the affidavit of an expert could not be prepared and filed contemporaneously with Plaintiffs' Complaint pursuant to O.C.G.A. §9-11-9.1(a).

FURTHER AFFIANT SAYETH NOT.

This 3rd day of April, 2018.

Jane M. Lamberti, Esq.

Sworn to and subscribed before me this 3rd day of April, 2018.

Notary Public
My Commission Expires: 09.09.19

**Megan N Hoffman**
**NOTARY PUBLIC**
**Fulton County, GEORGIA**

**EXHIBIT 1**